```
                   IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF UTAH
_____

JEREMY JASON HAAS,                |   ORDER TO SHOW CAUSE &
                                  |   MEMORANDUM DECISION
           Plaintiff,             |
                                  |   Case No. 2:12-CV-1076 DN
v.                                |
                                  |   District Judge David Nuffer
THOMAS PATTERSON et al.,          |
                                  |
           Defendants.            |
_____
```

Plaintiff/inmate, Jeremy Jason Haas, filed a *pro se* civil-rights complaint.[1] He names as defendants Utah Department of Corrections Director Thomas Patterson and Warden Alfred Bigelow.

### BACKGROUND

The Complaint alleges the following facts:  Plaintiff retained the Disability Law Center (DLC) to help him with legal claims regarding his imprisonment.  Two attorneys were assigned his case, Laura Boswell and Aaron Kinikini.  When the attorneys visited Utah State Prison (USP) to consult with Plaintiff, USP employees ran a background check and found that Kinikini had misdemeanor convictions (attempted illegal possession/use of controlled substance and driving under the influence of alcohol or drugs) on his record from 2008, for which he was sentenced to eighteen months probation.  Under an unwritten--but apparently uniformly executed--USP policy, anyone with a misdemeanor

---

[1] *See* 42 U.S.C.S. § 1983 (2013).

conviction will be denied admittance to visit prisoners for five years after his probation period has ended.  (There is an appeals process to consider special cases, which it is unclear whether Kinikini used, and irrelevant to this case.)  Kinikini was therefore denied physical access to Plaintiff.  Meanwhile, Boswell was admitted, and consulted in person with Plaintiff.

Plaintiff argues this USP policy has denied him access to the courts and "his choice of counsel."  Meanwhile, Defendants contend Plaintiff has not been denied court access--because he can visit with Boswell in USP and he can still also be represented by and communicate with Kinikini even though they may not visit in person--and he has no right to counsel in his civil proceedings, let alone right to his choice of counsel.

## ANALYSIS

### 1. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff.[2]  Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief.[3]  "The

---

[2] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[4]  When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth.[5]  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[6]  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[7]

---

[4] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

[6] *Red Hawk*, 493 F.3d at 1177 (italics in original).

[7] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (additional quotation marks omitted)).

### 2. Legal Access

It is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access."[8] In *Bounds v. Smith*,[9] the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[10]

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege *not only* the inadequacy of the library or legal assistance or resources furnished *but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim*."[11] In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation."[12]

---

[8] *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).

[9] 430 U.S. 817 (1977).

[10] *Id.* at 828 *(footnote omitted & emphasis added)*.

[11] *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper*, 54 F.3d at 616.

[12] *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."[13]

Plaintiff has not even argued, let alone established, that his prisoner-civil-rights litigation (was not frivolous or that it) has been prejudiced by Kinikini's inability to visit with him in person--nor presumably can he, considering Boswell's in-person visit (her competence has not been put in issue) and the resources that two attorneys assigned to his case bring to bear as they do roughly ninety-nine percent of their work outside Plaintiff's presence anyway.

### 3. Right to Counsel of Choice

Plaintiff has no constitutional right to counsel,[14] so it naturally follows that he has no right to his choice of counsel. Plaintiffs in prisoner-civil-rights cases move for appointed *pro bono* counsel in virtually every case. It is well settled that the Court may in its discretion appoint counsel for indigent inmates.[15] However, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim

---

[13]*Carper*, 54 F.3d at 616; accord *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

[14]See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[15]See 28 U.S.C.S. § 1915(e)(1) (2013); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

to warrant the appointment of counsel."[16]  Otherwise, the prisoner-plaintiff must represent himself.

Here, Plaintiff has been very, very fortunate to have gained the interest of the DLC and been granted, not one, but two attorneys.  This is a huge gift, not a right.  And, the fact that one of the attorneys is Plaintiff's "attorney of choice" makes this an even greater gift.  He is welcome to communicate with Kinikini by mail, phone, or through Boswell, and receive Kinikini's help.  He is simply restricted at this time from actually visiting with Kinikini face-to-face--a convenience or preference regarding which he has no constitutional right.

### 4. Other issues

Other issues discussed in the Complaint--e.g., whether Kinikini himself has a right to visit; whether it's unfair or somehow sinister for USP to have an unwritten policy restricting visitors with misdemeanor convictions within a certain time period; or whether Kinikini had a right to appeal the denial of his visit--are red herrings that need not even be treated.  The cause of action in this case is solely Plaintiff's right to legal access.

---

[16] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

## CONCLUSION

Plaintiff does not appear to have stated a claim upon which relief may be granted.  **IT IS THEREFORE ORDERED** that within thirty days Plaintiff must show cause why his complaint should not be dismissed.

DATED this 5th day of June, 2013.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge